UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLOTTE CARTER
    Plaintiff,

VS.                                                    CIVIL ACTION NO. 3:12-CV-80 (Groh)

Electronically Filed: August 20, 2012

THE SHERIFFS OFFICE OF
MINERAL COUNTY, WEST VIRGINIA,
RONALD KEITH ANDERSON,
Individually and in his capacity as Deputy for the
Mineral County Sheriff's Office
And
MINERAL COUNTY COMMISSION
    Defendants

## COMPLAINT

THE PLAINTIFF CHARLOTTE CARTER, REPRESENTS UNTO THE COURT AS FOLLOWS:

### Jurisdiction, Venue and Identification of the Parties

1.     That this action is brought pursuant to 42 U.S.C Section 1983 for violation of Plaintiff's civil rights under the 4th, 5th and 14th Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 1343; and the Plaintiff further involves pendant jurisdiction of this Court with respect to related claims arising pursuant to state law under 28 U.S.C Section 1343 for violation of her civil rights under Article III, Sections 1, 6, 10, and 20 of the West Virginia Constitution and for other statutory and implied causes of action under the common law of West Virginia and the amount in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs.

2.     That the acts complained of in this Complaint occurred in and/or originated in Mineral County, West Virginia, which is located in the northern Judicial District of West

Virginia that the Defendants named herein are residents of and have principal and/or local offices situate with the jurisdictional judicial district of this Court.

3. That the Plaintiff, Charlotte Crater (hereinafter referred to as Plaintiff) is a resident of Grant County, West Virginia; that the Defendant the Mineral County Sheriffs Office (hereinafter referred to as Sheriffs Office) is a unit of local government organized under the laws of the State of West Virginia for the purpose of law enforcement and has been named in its official capacity whose office is located in Mineral County, State of West Virginia that the Defendant Ronald Keith Anderson is a resident of Mineral County, State of West Virginia; the Defendant Mineral County Commission (hereinafter referred to as MCC) is a political subdivision of the State of West Virginia with its principle offices located in Mineral County, West Virginia. All of said individual Defendants are sued both in their individual capacity and their official capacities as members of the Sheriff's office and and/or as members of the Mineral County Commission

## THE FACTS

4. That on or about the 20th day of August, 2010, the Plaintiff was involved in a motor vehicle accident on US 220 south of Keyser at the intersection of Stony Run Road in Mineral County, West Virginia.

5. The Plaintiff was being examined by the emergency medical services that had arrived at the scene of the accident.

6. The Defendant, Ronald Keith Anderson, acting in the course and scope of his employment in his capacity as a Mineral County Sherriff's Deputy arrived at the scene and during the course of his investigation of the accident scene came into to contact with the Plaintiff, Charlotte Carter.

7. The Defendant Ronald Keith Anderson acting in the course and scope of his

employment in his capacity as a Mineral County Sherriff's Deputy placed the Plaintiff under arrest, put her in hand restraints and placed her in the backseat of the Deputy's vehicle in the backseat behind the passenger seat and was left unattended.

8. While inside the Deputy's vehicle, the Plaintiff's her left hand came out of the hand restraints. This was noticed by the Defendant Deputy Ronald Keith Anderson who; thereafter, immediately acting in the course and scope of his employment pulled the Plaintiff from the vehicle, pushed the Plaintiff was pushed against the Deputy's vehicle and violently forced the Plaintiff to the ground to the extent that her upper body and face was slammed to the asphalt with extreme force.

9. The Plaintiff then was restrained and only then did the Defendant Deputy Ronald Keith Anderson realize that the Plaintiff was bleeding about her face and mouth from the force used to throw the Plaintiff to the ground.

10. The Defendants the Mineral County Sheriff's Office and Ronald Keith Anderson both individually and acting in the course and scope of his employment with the Mineral County Sheriff's office as a law enforcement officer, used excessive and unnecessary force, which resulted in the Plaintiff sustaining extensive injuries to both eyes, her left jaw, hands wrist, knees and legs.

11. That as a direct and proximate result of the acts and conduct of the Defendant Sheriff's Deputy Ronald Keith Anderson both individually and acting in the course and scope of his employment, acted willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of the Plaintiff, Charlotte Carter.

12. The Defendants the Mineral County Sheriff's Office, and the MCC as a matter of policy, practice and/or custom, has with deliberate indifference failed to adequately

discipline, train, supervise or to otherwise direct police officers, including the Defendant Ronald Keith Anderson, in the proper use of force, thereby causing the Defendant police officer to engage in the unlawful, excessive and reckless use of force described above.

13. The Defendant the Mineral County Sheriff's Office and the MCC as a matter of policy, practice and/or custom, has with deliberate indifference failed to conduct proper, adequate and meaningful investigations of the use of force, thereby causing and encouraging police officers, including the Defendant Deputy Ronald Keith Anderson, to engage in the unlawful conducted described aforesaid.

14. The failure of the Defendants the Sheriff's Office and the MCC has with deliberate indifference failed to provide adequate training, supervision and discipline regarding the proper use of force which was the proximate cause and substantial factor in the Plaintiff Charlotte Carter being subjected to excessive force by the Defendant Deputy Ronald Keith Anderson.

15. That as a direct and proximate result of the acts and conduct of the Defendant Deputy Ronald Keith Anderson both individually and acting in the course and scope of his employment with the Sheriff's Office as a Sheriff's Deputy, which said acts were the direct and approximate result of the Plaintiff, Charlotte Carter being required to undergo treatment from hospitals, physicians, nurses and other related medical personnel.

16. That as a direct and proximate result of the acts and conduct of the Defendants, the Sheriff's Office, the MCC and Deputy Ronald Keith Anderson both individually and acting in the course and scope of his employment with the Mineral County Sheriff's office as a Sheriff's deputy, the Plaintiff, Charlotte Carter has incurred and/or will need to incur in the future expenses and costs for future medical care from medical providers and pharmacies.

17. That as a direct and proximate result of the acts and conduct of the of the

Defendants, the Mineral County Sheriff's Office, the MCC and Ronald Keith Anderson both individually and acting in the course and scope of his employment as a Mineral County Sherriff's Deputy, the injuries sustained thereby by the Plaintiff, Charlotte Carter has endured much pain and suffering and will endure much pain and suffering in the future which has lead to a diminished capacity to enjoy life.

18. That as a direct and proximate result of the acts and conduct of the of the Defendants, the Mineral County Sheriff's Office, the MCC and Ronald Keith Anderson both individually and acting in the course and scope of his employment as a Mineral County Sherriff's Deputy, the Plaintiff sustained permanent injury and permanent impairment as a result of the injuries sustained by the Plaintiff as a result of the incident described herein.

19. All the injuries, losses, and damages of the Plaintiff, Charlotte Carter were the direct and proximate result of the proximate acts and conduct of the Defendants, MCC and Ronald Keith Anderson both individually and acting in the course and scope of his employment as a Mineral County Sherriff's Deputy, without any negligence on the part of the Plaintiff, contributing thereto.

20. At all times and places aforesaid the Defendant Mineral County Sheriff's Office operated and provided law enforcement services throughout the County of Mineral County; that the Defendant Mineral County Sheriff's Office had among its duties and responsibilities the obligation to deliver police services and powers as permitted and empowered by the State of West Virginia; that the Defendant Mineral County Sheriff's Office had the power and duty to enforce the laws of the County of Mineral County and the criminal laws of the State of West Virginia.

21. That the powers and duties of said Defendant Mineral County Sheriff's Office described in preceding sentences are delegated to its Sheriff and deputies, and the

Defendant Mineral County Sheriff's Office is charged with the duty and responsibility of managing and supervising the actions of its Sheriff's office and its deputies in the performance of their official duties as deputies.

And that at all times and places aforesaid the Defendant Mineral County Sheriff's Office was acting under the pretense of color of law.

22. At all times and places aforesaid the Defendant MCC operated and provided law enforcement services throughout the County of Mineral County; that the Defendant MCC had among its duties and responsibilities the obligation to deliver police services and powers as permitted and empowered by the State of West Virginia; that the Defendant MCC had the power and duty to enforce the laws of the County of Mineral County and the criminal laws of the State of West Virginia all of which are accomplished by the MCC through its Mineral county Sheriff's Office.

23. That the powers and duties of said Defendant MCC described in preceding sentences are delegated to its Sheriff and deputies, and the Defendant MCC is charged with the duty and responsibility of managing and supervising the actions of its Sheriff's office and its deputies in the performance of their official duties as deputies all of which are accomplished by the MCC through its Mineral county Sheriff's Office

And that at all times and places aforesaid the Defendant MCC was acting under the pretense of color of law.

24 That the powers and duties of the Defendant Mineral County Sheriff's Office described in the previous paragraphs are delegated to its members including the Defendant Deputy Ronald Keith Anderson and the Defendant Mineral County Sheriff's Office is charged with the duty and responsibility of managing and supervising the actions of its members in the performance of their official duties as Sheriff deputies

including the Defendant Deputy Ronald Keith Anderson.

25. And at all times and places aforesaid the Defendant Ronald Keith Anderson was acting under the pretense of color of law and with the authority from the Defendant Mineral County Sheriff's Office and all wrongful actions of the Defendant Deputy Ronald Keith Anderson are the wrongful actions of the Defendants Mineral County Sheriff's Office and the Defendant MCC.

## COUNT I

## FEDERAL CIVIL RIGHTS VIOLATION AND CAUSE OF ACTION

26. Plaintiff incorporates by reference all previous allegations contained in the paragraphs numbered 1 through 25.

27. The Plaintiff does charge and allege that the conduct of the Defendants jointly and severally, stated herein was grossly illegal and deprived Plaintiff of her rights and privileges secured by the United States Constitution and the laws of the United States in violation of 42 U.S.C.A ,that the conduct of the Defendants, jointly and severally, included but is not limited to (1) assault of Plaintiff, (2) battery of Plaintiff (3) malicious acts of violence, use of excessive, indecent, outrageous and unreasonable force as set forth herein without justification or excuse of law, that instead was illegal, improper, unnecessary and unrelated to any activity in which law enforcement agencies may appropriately and legally engage in the course of protecting person(s) or maintaining civil order.

In addition to the physical abuse and infliction of personal injuries, Defendants jointly and severally, by gross negligence and/or intentionally, mentally, abused, intimated, harassed, embarrassed and ridiculed the Plaintiff.

28. As a direct and proximate result of the Defendants conduct, committed under the color of state law, Plaintiff was deprived of her right to be free from the use of excessive

force. As a result the Plaintiff suffered losses and damages and injury in violation of her rights under the Constitution of the United States, in particular the Fourth Amendment thereof and 42 U.S.C. Section 1983.

## COUNT II

## SUPPLEMENTAL STATE CLAIMS

29. The Plaintiff incorporates by reference all previous allegations contained in the paragraphs numbered 1 through 28

30. The acts of the Defendants jointly and severally, constitute assault, battery and intentional infliction of emotional distress under the laws of the State of West Virginia. This Court has supplemental jurisdiction to hear and adjudicate these claims

## COUNT III

## CLAIMS OF PUNITIVE DAMAGES

31. The Plaintiff incorporates by reference all previous allegations contained in the paragraphs numbered 1 through 30

32. In addition to the physical abuse and infliction of personal injuries, the Defendants jointly and severally, by gross negligence and/or intentionally, mentally, abused, intimated harassed and ridiculed the Plaintiff

33. That the Plaintiff does further charge and allege that all of the conduct of all the Defendants both individually and collectively was of such gross, wanton and outrageous negligence as to entitle the Plaintiff to punitive damages and an award of attorney fees.

WHEREFORE, your Plaintiff, Charlotte Carter **DEMANDS JUDGMENT against the Defendants as follows**:

    A. Compensatory damages against the Defendants, jointly and severally, in the amount of five hundred Thousand Dollars ($500,000.00);

    B. Punitive damages against the Defendants jointly and severally, in the amount of Two and One-Half Million Dollars ($2,500,000.00);

    C. An award of pre judgment and post judgment interest on all sums awarded;

    D. A recovery of all court cost incurred in and about the prosecution of this civil action:

    E. An award of attorney fees;

    F. Such other and further general relief as the nature of this case and justice may require.

    G. A trial by jury

    Respectfully submitted,
**CHARLOTTE CARTER**
**Plaintiff - By Counsel**

LAWRENCE E. SHERMAN, JR.
ATTORNEY AT LAW
P. O. BOX 1810
ROMNEY, WV 26757
304-922-4740    WVSB  #5443